George J. Miller, Jr., Builder, Inc. v. Commissioner.
George J. Miller, Jr., Builder, Inc. v. Commissioner
Docket Nos. 4323-67, 5568-67.
United States Tax Court
T.C. Memo 1968-280; 1968 Tax Ct. Memo LEXIS 20; 27 T.C.M. (CCH) 1505; T.C.M. (RIA) 68280; December 3, 1968. Filed George W. McManus, Jr., 10 Light St., Baltimore, Md., for the petitioner. Gerald D. Babbitt, for the respondent. KERN Memorandum Findings of Fact and Opinion In Docket No. 4323-67, respondent determined a deficiency in the income tax liability of petitioner for its taxable year ended March 31, 1962, in the sum of $6,732.60 and an addition to tax under section 6651(a), I.R.C. 1954 in the sum of $1$683.15 (25% of $6,732.60), and a deficiency in its income tax liability for the year ended March 31, 1963, in the sum of $373.77 and an addition to tax under the same section in the sum of $93.44. Respondent's determination of deficiency for fiscal 1962 was predicated on his determination that petitioner "realized income from the construction of apartments for Cooks Lane, Inc., in the *21 amount of $245,132.73 in lieu of $222,618.38 as reported 1506 in [its] income tax return." The deficiency for fiscal 1963 was predicated on respondent's determination that petitioner "realized interest income of $1,701.05 which [it] failed to report." In Docket No. 5568-67, respondent determined a deficiency in the income tax liability of petitioner for its taxable year ended March 31, 1964, in the amount of $2,977.32, arising by reason of the following adjustments explained in the statement attached to respondent's notice of deficiency: (1) the disallowance of a net operating loss carryover from fiscal 1963 in the amount of $455.14 because the claimed net operating loss deduction resulted from the erroneous failure to report interest income of $1,701.15 received in that year, (2) the increase in petitioner's income for fiscal 1964 in the amount of $1,701.15 "representing interest accrued at the rate of 8% on an interest bearing note in the amount of $22,514.35," and (3) the disallowance of a deduction "claimed for bad debts in the amount of $8,128.56." Findings of Fact Petitioner, a corporation having its principal place of business in Baltimore, Maryland, filed its *22 corporate income tax returns for its fiscal years ended March 31, 1962, 1963, and 1964, with the district director of internal revenue in that city. George J. Miller, Jr. owned all of its common stock and was its president until his death in October, 1965. It was engaged in the building construction business. Cooks Lane, Inc. was a corporation, the common stock of which was owned one-half by Nottingham Associates, a limited partnership and one-half by the Baltimore Business Investment Corp. George J. Miller, Jr. owned an interest in the partnership, and owned stock of the Baltimore Business Investment Corp. The extent of his ownership in the entities owning the common stock of Cooks Lane, Inc. is not disclosed by the record. Its fiscal year ended on November 30. Petitioner and Cooks Lane, Inc. shared the same office and the same accountant. At some time prior to March 31, 1962, Cooks Lane, Inc., employed petitioner to construct for it three apartment house having 40 units. This employment was pursuant to a proposal made by petitioner to construct these apartment houses on land owned by Cooks Lane, Inc., in return for an undertaking by Cooks Lane, Inc. to pay to petitioner the *23 costs of such construction plus 10 percent. This proposal was accepted by Cooks Lane, Inc., and the construction covered by the proposal was completed at some time prior to March 31, 1962. The final bills covering the cost of this project were not paid by Cooks Lane, Inc. These unpaid bills amounted to $23,064.57. A note calling for the payment of this amount, was prepared by petitioner for the signature of Cooks Lane, Inc., but it was never signed. Sigmund J. Bloom, who testified that he was a certified public accountant, certified by the State of Maryland, was the accountant who was in charge of the books and records of both petitioner and Cooks Lane, Inc., and who prepared their income tax returns. Bloom caused the following entries to be made in petitioner's books covering the year ended March 31, 1962: Debit - Income - Cooks Lane, Inc
$219,618.38
Debit - Account Receivable - Cooks Lane, Inc
3,000.00
Debit - Notes Receivable - Cooks Lane, Inc
23,064.57
Credit - Reserve for Collection - Notes Receivable
$ 23,064.57
Credit - Sales
222,618.38 Bloom made entries in petitioner's books during or at the end of its fiscal year ended March 31, 1963, showing *24 a debit to "accrued interest receivable, Cooks Lane" in the amount of $1,651.10 and a credit in the same amount to "reserve for interest receivable, Cooks Lane." The interest item referred to above purports to represent interest on the note prepared for the signature of Cooks Lane, Inc., which was never signed. A similar entry with regard to the same item was made in petitioner's books for its fiscal year 1964. Bloom either made or caused to be made entries in the books of Cooks Lane, Inc., covering the years pertinent to this case showing notes payable to petitioner in the amount of $23,064.57 and accrued interest expense thereon. Bloom prepared the federal income tax returns for Cooks Lane, Inc. for the years pertinent hereto in which he took deductions with respect to the accrued interest expense above referred to. In computing the cost basis of Cooks Lane, Inc. in the apartment buildings 1507 constructed for it by petitioner, Bloom included the amount of $23,064.57, and calculated the amount of depreciation deducted by Cooks Lane, Inc. in its federal income tax returns accordingly. At all times Bloom was aware of the fact that no valid note payable to petitioner by *25 Cooks Lane, Inc. was in existence. Opinion KERN, Judge: The parties have not stipulated a single fact. No exhibit has been offered in evidence, not even copies of petitioner's income tax returns. Two witnesses testified, both on behalf of petitioner. One was petitioner's treasurer from 1959 through 1963 and its vice president in 1964 and 1965. He testified that Cooks Lane, Inc. did not sign the note payable to petitioner which had been prepared for its signature. His testimony suggested that the amount thereof ($23,064.57) was not paid to petitioner, but it does not even hint at any reason for its nonpayment or steps taken or contemplated looking to its collection. The other witness was Sigmund J. Bloom, who testified that he was a certified public accountant, licensed to practice his profession in Baltimore, Maryland. The testimony of this witness was rather unusual. Bloom testified that no note was ever signed by Cooks Lane, Inc. and that at all times pertinent hereto this fact was known to him. He also testified that he prepared federal income tax returns for Cooks Lane, Inc. in which deductions were taken which were predicated on the existence of a valid note, e.g., the deductions *26 on account of accrued interest expenses. He testified that he made the entries in the books of petitioner and of Cooks Lane, Inc., which we have set out in our findings. With regard to his reasons for making the entries in the books of petitioner his testimony was as follows: Q. Can you tell the Court especially in view of your previous testimony why those entries were made? A. The entries were made in that form as a type of memorandum entry. There was no note. It was hoped that there would be and the credit entry reserved for collection, in order to make any entry at all you have to have two parts, an asset and offset. And the asset could not be offset as an income item. There was no obligation for Cooks Lane to pay at this point, and we felt that unless and until Cooks Lane became obligated or agreed to pay, we did not have any income. We had no note, no contract. So, it was up as a memo type entry. THE COURT: It was a memorandum of nothing? THE WITNESS: Of nothing or something we hoped would happen. That the company would hope would happen. With regard to his reasons for the entries in the books of Cooks Lane, Inc., he testified as follows: Q. On what basis did you make *27 the entries on Cooks Lane, Inc., note payable $23,064.57? A. They were made in the anticipation that the agreement would eventually be made and that Cooks Lane would owe the money and be obligated for it. Bloom's testimony does not give any reason for the failure of Cooks Lane, Inc. to pay to petitioner the sum of $23,064.57 or for the apparent failure of petitioner to take appropriate steps to collect this sum from Cooks Lane, Inc. No officer of Cooks Lane, Inc. testified at the trial herein. Bloom testified that he had been "authorized * * * to speak in behalf of Cook's Lane, Inc." and that Cooks Lane, Inc. takes the position that it does not owe any money to petitioner and that it does not and never did owe anything on the "note payable" account entered on its account books. No reason is given for taking these stated positions which are inconsistent with positions taken in the federal income tax returns of Cooks Lane, Inc., as prepared by Bloom. On the record before us we conclude that petitioner has proved the nonexistence of the $23,064.57 note. However, it has not proved the nonexistence of a properly accruable obligation in this amount which should be included in petitioner's *28 income for its fiscal year 1962. [1] The determination with regard to this item of additional income is explained in the statement attached to the deficiency notice as follows: It is determined that you realized income from the construction of apartments for Cooks Lane, Inc. in the amount of $245,132.73 in lieu of $222,618.38, as reported on your income tax return. Accordingly, your taxable income is increased $22,514.35. The first reference in the pleadings to a note is in paragraph 4 of the petition as follows: 1508 The Commissioner erred in holding that the taxpayer had additional income in the form of gross receipts in the amount of $22,514.35. The additional income, as alleged by the Commissioner, accrued from a Note to Petitioner from a corporation known as Cooks Lane, Inc., in the amount of $22,514.35; whereas the said Note never in fact existed, and there are no obligations on the part of Cooks Lane, Inc., to repay your Petitioner. Petitioner seems to consider the question on this issue simply as whether there was in existence *29 a valid note. The real question is whether respondent erred in determining that petitioner realized additional income in its fiscal year 1962 from the construction of apartments for Cooks Lane, Inc. Petitioner has not proved such error and we conclude that it realized in that year such additional income in the amount of $23,064.57. Since no valid note was executed by Cooks Lane, Inc., payable to petitioner, there could be no interest income properly accruable to or realized by petitioner in its fiscal years 1963 and 1964. Therefore it had a net operating loss in its fiscal year 1963 which was properly deducted in its return for its fiscal year 1964. Since the record contains no evidence whatever with regard to the deduction for bad debts taken by petitioner in its return for fiscal 1964 and disallowed by respondent we decide this issue against petitioner which, of course, has the burden of proof thereon. There is no evidence in the record concerning the additions to tax under section 6651(a), I.R.C. 1954, determined by respondent in his deficiency notice covering petitioner's fiscal years 1962 and 1963. Accordingly, we are unable to conclude that respondent *30 erred in this determination. Decisions will be entered under Rule 50. Footnotes
1. The evidence herein indicates that petitioner was on an accrual basis of accounting. Clearly petitioner has not proved the contrary.↩